**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-2252**

LAURE ANN KEFFER,

             Plaintiff - Appellant,

      v.

CAROLYN W. COLVIN, Acting Commissioner of Social Security,

             Defendant - Appellee.

Appeal from the United States District Court for the Western District of Virginia, at Roanoke.   Samuel G. Wilson, District Judge.  (7:11-cv-00478-SGW-RSB)

Submitted:  April 8, 2013          Decided:  April 23, 2013

Before NIEMEYER, MOTZ, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Mark A. Black, BRUMBERG, MACKEY & WALL, P.L.C., Roanoke, Virginia, for Appellant.  Eric P. Kressman, Regional Chief Counsel, Victor J. Pane, Supervisory Attorney, Timothy Reiley, Special Assistant United States Attorney, SOCIAL SECURITY ADMINISTRATION, Philadelphia, Pennsylvania; Timothy J. Heaphy, United States Attorney, Rick Mountcastle, Assistant United States Attorney, Roanoke, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Laure Ann Keffer appeals the district court's order adopting the magistrate judge's recommendation and upholding the Commissioner of Social Security's decision to deny her a period of disability insurance benefits. We have reviewed the record and affirm.

Our review of the Commissioner's disability determination is limited to evaluating whether the findings are supported by substantial evidence and whether the correct law was applied. See Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (citing 42 U.S.C. § 405(g) (2006)). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. (internal quotation marks omitted). We do not reweigh evidence or make credibility determinations in evaluating whether a decision is supported by substantial evidence; "[w]here conflicting evidence allows reasonable minds to differ," we defer to the Commissioner's decision. Id.

On appeal, Keffer asserts that the administrative law judge's ("ALJ") residual functional capacity finding was not supported by substantial evidence. According to Keffer, the ALJ mischaracterized Keffer's evidence relating to her daily activities, ignored the fact that her subjective complaints of pain were supported by the objective medical record, and

2

improperly rejected a clinical assessment of pain completed by Dr. Bayliss, who was Keffer's treating physician. Our review of the record convinces us otherwise. Contrary to Keffer's contentions, substantial evidence supported the ALJ's construction of the record, including his decision to partially discredit Keffer's subjective complaints of pain in light of the objective medical evidence. See Johnson, 434 F.3d at 658. Nor do we discern any reversible error in the ALJ's decision to give only limited weight to the terse and heavily-qualified opinion rendered by Dr. Bayliss. See Mastro v. Apfel, 270 F.3d 171, 178 (4th Cir. 2001).

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED